Hellerstein, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.

GRANT IVAN GRIEVE;
FINVEST ASSET MANAGEMENT, LLC;
FINVEST FUND MANAGEMENT, LLC,

     Defendants.

---

ECF

No. 09 Civ 1198 (AKH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/26/13

## FINAL JUDGMENT AS TO GRANT IVAN GRIEVE, FINVEST ASSET MANAGEMENT LLC AND FINVEST FUND MANAGEMENT LLC

AND NOW, this 25 Day of April, upon consideration of the Securities and Exchange Commission's Motion for Entry of Final Judgments imposing disgorgement, interest, and penalty amounts as to the Defendants, Grant Ivan Grieve, Finvest Asset Management, and Finvest Fund Management, LLC (collectively "Defendants"), all supporting documents, IT IS HEREBY ORDERED as follows:

Defendants are jointly and severally liable to pay disgorgement in the amount of $12,192,302, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,972,478, and a civil penalty in the amount of $12,192,302 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. §§ 77t(d)], Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)], and Section 209 of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-9(d)]. Defendants shall satisfy this obligation by paying $26,357,082 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Grant Ivan Grieve as a defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IT IS FURTHER ORDERED that the prior judgments entered against the Defendants [Docket Numbers 27, 32] are hereby adopted and incorporated herein, and that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of all judgments entered in this matter.

SO ORDERED

_____
U.S.D.C.